# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

Argued September 21, 2009          Decided October 9, 2009

No. 08-5490

JUDICIAL WATCH, INC.,
APPELLANT

v.

U.S. DEPARTMENT OF COMMERCE ET AL.,
APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 07cv01446)

———

*James F. Peterson* argued the cause for appellant. With him on the brief was *Paul J. Orfanedes*.

*Abby C. Wright*, Attorney, U.S. Department of Justice, argued the cause for appellees. With her on the brief were *Tony West*, Assistant Attorney General, *Jeffrey A. Taylor*, United States Attorney, and *Mark B. Stern*, Attorney, U.S. Department of Justice.

Before: HENDERSON, *Circuit Judge*, and EDWARDS and WILLIAMS, *Senior Circuit Judges*.

Opinion for the Court filed by *Senior Circuit Judge* WILLIAMS.

WILLIAMS, *Senior Circuit Judge*: Judicial Watch, Inc., a non-profit government watchdog organization, sued the Department of Commerce and its Secretary over alleged violations of the Federal Advisory Committee Act ("FACA"), 5 U.S.C.App. § 1 *et seq*. The complaint asserted that the defendants had, in collaboration with counterparts from the Canadian and Mexican governments, established an organization called the North American Competitiveness Council to provide the United States and its neighbors with policy advice on certain economic matters. The parties agree that the Council consists of private-sector business leaders from the three countries, that it includes at least one sub-group made up exclusively of U.S.-based delegates, and that the Department of Commerce has "met with the [Council] and the U.S. component periodically." Appellees' Br. 6-7; Appellant's Br. 7-9. Judicial Watch argues that the Council and its constitutive entities are "advisory committees" within the meaning of FACA, 5 U.S.C.App. § 3(2). By way of relief, it sought a declaration that defendants had breached a number of FACA's requirements concerning past meetings of the Council; injunctions curing some of those violations and ensuring full FACA compliance for future meetings; and a writ of mandamus compelling similar conduct. Compl. ¶¶ A-E.

Commerce moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Judicial Watch lacked standing and had failed to state a claim. The district court found a want of standing, accepting the government's argument that, because the Department didn't *control* the Council, Judicial Watch's injuries were neither caused by Commerce nor redressable in a suit solely against Commerce and the Secretary. *Judicial Watch, Inc. v. U.S. Dep't of*

*Commerce*, 576 F.Supp. 2d 172, 178 (D.D.C. 2008). Judicial Watch appealed; we reverse and remand.

\* \* \*

To satisfy the constitutional standing requirement, familiar doctrine requires a plaintiff to allege an injury in fact that is fairly traceable to the challenged conduct and that will likely be redressed by a favorable decision on the merits. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). When the district court has resolved no factual disputes in a case, we review a dismissal for lack of standing de novo. *Muir v. Navy Fed. Credit Union*, 529 F.3d 1100, 1105 (D.C. Cir. 2008).

Here the injury requirement is obviously met. In the context of a FACA claim, an agency's refusal to disclose information that the act requires be revealed constitutes a sufficient injury. *Public Citizen v. U.S. Dep't of Justice*, 491 U.S. 440, 449-50 (1989); *Byrd v. U.S. Environmental Protection Agency*, 174 F.3d 239, 243 (D.C. Cir. 1999). The principal dispute, then, concerns causation and redressability, with Commerce relying, as it successfully did before the district court, on its lack of control over the Council and its U.S. component sub-groups. Appellees' Br. 17.

Given the duties FACA prescribes for government agencies, Commerce's lack of control over others is of no consequence. We assume, as we must at the pleading stage, that for purposes of standing the Council and its assorted sub-groups are, as alleged, "advisory committees" within the meaning of FACA § 3(2). See *Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Muir*, 529 F.3d at 1105. If that proves correct, Commerce is subject to an array of FACA obligations concerning the Council and its sub-groups that are entirely

within its power to discharge. Cf. *Public Citizen*, 491 U.S. at 450-51 (finding standing requirements satisfied in a FACA case concerning an alleged advisory committee, the American Bar Association, wholly free of the relevant cabinet department's control). These include Commerce's duty under 5 U.S.C.App. § 10(b) to make available for public inspection transcripts or minutes of meetings of the Council or its U.S. sub-groups. Commerce attended some of these in the past, Appellees' Br. 7, and could therefore itself generate minutes if the Council refused to cooperate or if extant minutes were incomplete. Looking to the future, the court could order that Commerce conduct any prospective encounters between itself and the Council—including those alleged to take place "two to three times per year," Compl. ¶ 21—in compliance with FACA's requirements.

At argument, government counsel suggested, for the first time, that Judicial Watch's requests for records under § 10(b) were effectively moot because Commerce had responded to certain of Judicial Watch's requests under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Recording of Oral Argument, 16:58-18:15 (Sept. 21, 2009). Even granting the factual predicate, the legal conclusion does not follow. The scope of FOIA's document disclosure requirements is in a number of respects narrower than FACA's analogous requirements. FOIA, for example, applies only to existing records, *Students Against Genocide v. Dep't of State*, 257 F.3d 828, 837 (D.C. Cir. 2001), and exempts materials manifesting an agency's deliberative processes, 5 U.S.C. § 552(b)(5); *Public Citizen, Inc. v. Dep't of Justice*, 111 F.3d 168, 170 (D.C. Cir. 1997), while FACA is not so limited, see, e.g., 5 U.S.C.App. § 10(c) (requiring the creation of minutes for advisory committee meetings).

As Judicial Watch has standing to pursue its FACA claim, and the merits remain an open question, the judgment of the district court is reversed and the case is

*Remanded.*